UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNATHAN R. BORDELON,

Petitioner,

v.

SIRCOYA M. WILLIAMS,

Respondent.

Case No. 25-cv-08947-PCP

**ORDER FOR PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED**

Re: Dkt. Nos. 3, 4

Petitioner Johnathan Bordelon, a state prisoner proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). The Petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Mr. Bordelon also has filed motions for permission to proceed *in forma pauperis*. Dkt. Nos. 3, 4.

## I.    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II.    Analysis

Mr. Bordelon claims that his trial counsel provided ineffective assistance before his plea bargain and at sentencing. *See* Pet. at 5. Mr. Bordelon concedes that he pleaded *nolo contendere* to the charges against him. *See id*. at 2. In federal court, this plea may foreclose some of Mr.

Bordelon's ineffective assistance claims. *See United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (explaining that, under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea'"); *see also Haring v. Prosise*, 462 U.S. 306, 319–20 (1983) (holding that a guilty plea forecloses consideration of pre-plea constitutional deprivations).

Mr. Bordelon did not answer the Petition's questions regarding whether he appealed his conviction. *See* Pet. at 2–3 (leaving these questions blank). The Court searched the records for the California Supreme Court but was unable to find any record of an appeal by Mr. Bordelon. *See* Appellate Courts Case Information, Search – Supreme Court, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for "Johnathan Bordelon" returning no results). Mr. Bordelon stated that he has "no" "petition[s], appeal[s] or other post-conviction proceedings now pending in any court." *See* Pet. at 4.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that petitioner must invoke "one complete round of the State's established appellate review process."). Because the records of the California Supreme Court reveal that Mr. Bordelon did not give the highest state court such an opportunity, it appears that Mr. Bordelon did not fulfill the exhaustion requirement before filing the instant federal habeas petition. The Petition is therefore subject to dismissal on that basis. *See Rose*, 455 U.S. at 522.

**III.    CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    **By June 22, 2026**, Mr. Bordelon shall inform the Court why this matter should not be dismissed for failure to exhaust state remedies. If, despite his statement on the Petition, Mr. Bordelon has state post-conviction proceedings pending, he should so inform the Court, and the

United States District Court
Northern District of California

Court will take the appropriate next steps. If Mr. Bordelon fails to answer this Order to Show Cause, this action will be dismissed for failure to exhaust.

2.    Mr. Bordelon's *in forma pauperis* application is **DENIED** because the initial assessment would exceed the filing fee for a habeas action. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater).

3.    It is Mr. Bordelon's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  May 18, 2026

_____
P. CASEY PITTS
United States District Judge

United States District Court
Northern District of California

3